**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald M. Hall; Pamela J. Hall,       Plaintiffs, vs. Elvira J. Manschot,       Defendant. | No. CV-06-0205-PHX-FJM **ORDER** |

The court has before it plaintiffs' motion to amend the complaint in order to add Elvira Manschot's husband, Robert Manschot, as a defendant (doc. 23); defendant's response (doc. 25); and plaintiffs' reply (doc. 26). Plaintiffs originally filed this action against Elvira Manschot, alleging claims of breach of contract and strict liability for her failure to disclose and correct water damage to the home that she sold them. Plaintiffs named Elvira Manschot only as a defendant because the title documents indicated that she was the sole legal owner of the property. They now argue that they recently discovered that Elvira's husband, Robert Manschot, is also an "actual owner" of the property and accordingly he must be added as a defendant. Our Rule 16 scheduling order provided that the deadline to amend the complaint and to join additional parties was September 1, 2006 (doc. 17). Plaintiffs now ask us to extend that deadline and grant their Rule 15(a), Fed. R. Civ. P., motion to amend. A party seeking to amend a pleading after the date specified in a scheduling order must first

show "good cause" for modifying the order.  Fed. R. Civ. P. 16(b).  Then, if good cause is shown, the party must then demonstrate that amendment is proper under Rule 15(a), which provides that "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

Here, plaintiffs have demonstrated good cause by their recent, post-deadline, discovery of facts that would arguably establish that Robert Manschot was an actual owner of the property.  Elvira Manschot testified at her December 2006 deposition that Robert transferred the property to her without consideration, and continued to exercise complete dominion and control over the property, including the decision to sell it.  Plaintiffs contend that Robert's nominal transfer of the property to Elvira and his continued control of the property created a resulting trust in his favor, leaving him the actual owner of the property.  The timing and substance of this discovery is sufficient to establish good cause to extend the amendment deadline under Rule 16.  Therefore, we will grant plaintiffs' Rule 15(a) motion to amend unless defendant demonstrates undue prejudice, undue delay, bad faith or dilatory motive on the part of the movant, or futility of amendment.  Eminence Capital, LLC v. Aspeon, Inc., 316, F.3d 1048, 1051-52 (9th Cir. 2003).  We note that "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. at 1052 (emphasis in original).

Defendant opposes the amendment, arguing that Robert is not an actual owner of the property, that the statute of frauds prohibits a breach of contract claim against him, and that a strict liability claim against Robert is precluded by the statute of limitations.  In other words, defendant argues that the proposed amendment would be futile.  "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Sweaney v. Ada County, 119 F.3d 1385, 1393 (9th Cir. 1997) (citation omitted).

Plaintiffs counter that Robert Manschot's continued control of the property after its transfer created a resulting trust in his favor, and further that the statute of frauds does not apply to resulting trusts.  Moreover, they argue that the statute of limitations on the strict liability claim against Robert Manschot has been equitably tolled.  Viewing the factual

- 2 -

1 allegations as true and construing them in the light most favorable to the plaintiffs, we
2 conclude that plaintiffs have presented a set of facts that, if proved, will support a claim
3 against Robert Manschot.
4      Therefore, **IT IS ORDERED GRANTING** plaintiffs' motion to amend the complaint
5 (doc. 23).
6      DATED this 11th day of April, 2007.

Frederick J. Martone
United States District Judge