**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald M. Hall; Pamela J. Hall, | No. CV-06-0205-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Elvira J. Manschot, | |
| Defendant. | |

The court has before it plaintiffs' motion to alternatively amend the jury verdict, grant a new trial, or enter judgment as a matter of law (doc. 127), defendants' response (doc. 128), and plaintiffs' reply (doc. 130).

The Halls sued the Manschots for breach of contract related to the purchase of a residence. They alleged that the Manschots failed to inform them of water problems at the property and breached a written guarantee to repair any water problems that arose after closing. They presented evidence that they had incurred a total of $153,017.38 to fix the water problems and remediate the damage. The jury found the Manschots liable for breach of contract and awarded the Halls $20,000.00 in damages. Arguing that their evidence of damages was uncontested at trial, the Halls now move to amend the jury verdict on the ground that the evidence did not support the award, grant a new trial on the issue of damages only, or enter judgment as a matter of law in the full amount of their claimed damages.

Defendants contend that while they may not have challenged the specific amounts that plaintiffs incurred in replacing the drainage system or remediating mold and water damage, they did dispute whether these expenses were necessarily incurred, and whether some of the damage was caused by plaintiffs' own conduct, or otherwise did not result from defendants' breach. For example, defendants presented evidence at trial that plaintiffs failed to maintain the drainage system by allowing the sump pump to stop functioning, causing the drainage system to become clogged. Defendants further presented evidence that when the sump pump was functioning properly, water seepage was alleviated. Evidence was also presented that given the unusually heavy rainfall of 2004, flooding may have occurred even with a properly designed and constructed drainage system.

The amount of an award for damages is "a question peculiarly within the province of the jury, and such award will not be overturned or tampered with unless the verdict was the result of passion and prejudice." Larriva v. Widmer, 101 Ariz. 1, 7, 415 P.2d 424, 430 (1966). "[W]hen there is a conflict in the evidence, the trial judge should not interfere with what is peculiarly the jury's function . . . . [I]f the verdict is supported by adequate evidence, it will not be disturbed." Creamer v. Troiano, 108 Ariz. 573, 576-77, 503 P.2d 794, 797-98 (1972).

Here, the jury was instructed to award those damages "proved by the evidence to have resulted naturally and directly from the breach of contract" (doc. 121 at 21). The amount of damages attributable to the breach of contract was in dispute. Accordingly, the jury was free to accept or reject all or a portion of the various items of expense that the plaintiffs offered as damages. See Warren Co. v. Hanson, 17 Ariz. 252, 259, 150 P. 238, 240 (1915) (measure of damages in breach of contract case is the amount of damage "which actually results from the breach"). The jury could have reasonably concluded from the evidence presented at trial that a portion of the expense in replacing the drainage system and remediating damage was not fairly attributable to defendants' breach. As such, the amount to be awarded was properly left to the jury's sole discretion, and additur is inappropriate.

1  **IT IS ORDERED DENYING** plaintiffs' motion to amend the jury verdict, grant a
2  new trial, or enter judgment as a matter of law (doc. 127).
3  DATED this 29th day of February, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge